IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CANDICE RENAE ROBINSON,  )<br>    Petitioner,  ) | Civil Action No. 7:23cv00232 |
|                       ) | |
| v.  ) | By:   Elizabeth K. Dillon |
|                       ) |        United States District Judge |
| COMMONWEALTH OF VA.,  )<br>    Respondent.  ) | |

**MEMORANDUM OPINION**

Candice Renae Robinson, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U. S. C. § 2254. According to her petition, she is challenging her September 2022 convictions for eluding and distribution of schedule I or II drugs in Augusta County Circuit Court. Upon review of the petition, the court concludes that it should be summarily dismissed without prejudice because Robinson has not yet exhausted her available state court remedies.

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where, as here, a petitioner files in federal court while she still has available state court proceedings in which to litigate her habeas claims, the federal court should dismiss the petition without prejudice to allow her to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Robinson's § 2254 petition contains four claims, all focused on her guilty plea

proceedings.[1]  Under Virginia law, Robinson may raise these claims by filing a state habeas petition in the circuit court where she was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia.  Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B).  In the alternative, she can file a state habeas petition directly with the Supreme Court of Virginia.  Va. Code Ann. § 8.01-654(A)(1).  Whichever route she follows in exhausting state court remedies, Robinson must ultimately present her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254.  *Slayton*, 404 U.S. at 54.

It plainly appears from her petition that Robinson has not presented her claims to the Supreme Court of Virginia, either on direct appeal or in a habeas petition.  Indeed, Robinson's sworn petition states that she has not filed any petition for habeas corpus in any Virginia court.  (Pet. 12–13.)

Because Robinson has not yet exhausted her state court remedies, the court will dismiss her petition without prejudice.  Robinson may refile her federal habeas petition after she has exhausted her state court remedies.[2]

An appropriate order will be entered.

Entered: May 9, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[1] Robinson's claims focus on her assertion that trial counsel provided ineffective assistance in conjunction with her plea agreement.  For example, she claims counsel gave her incorrect information about her sentencing exposure and made her promises about her sentencing exposure to induce her guilty plea. (Pet. 5, 7, 9, 11, Dkt. No. 1.)  Her petition also repeatedly states that counsel informed her she "could not appeal on a plea deal." (*Id.*)

[2] Robinson is advised, however, that her time to file state and federal habeas petitions is limited.  *See* 28 U.S.C. § 2244(d); Va. Code Ann. § 8.01-654(A)(2).